UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

DEC - 7 2004

Michael N. Milby, Clerk
By Deputy:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Plaintiff,<br><br>v.<br><br>DENCO OF TEXAS, INC., D/B/A DENNY'S # 7629<br>Defendant. | § § § § § § § § § § § CIVIL ACTION NO. G-04-090<br><br>JURY TRIAL DEMANDED |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC") and Defendant, Denco of Texas, Inc., ("Denco" or "Defendant"), agree to entry of this Consent Decree.

I.  **Background and History of Proceedings**

   A.   Charging Party Rena Alvarado filed a charge of discrimination with the Commission (Charge No. 330-A2-3041) alleging Defendant violated Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA").

   B.   On February 11, 2004, after investigating the charge and finding discrimination, the Commission commenced this action alleging that Defendant's conduct toward Rena Alvarado ("Alvarado" or "Charging Party") constituted unlawful discrimination on the basis of disability in violation of Section 102 of the ADA.

   C.   Defendant denied the allegations of disability discrimination.

   D.   The parties wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, the parties have agreed to settle this lawsuit. Neither Defendant's consent to the entry of this Decree nor any of the terms set forth in it shall constitute or be

construed as an admission of any ADA violation. The parties agree the Consent Decree is being entered into for the purpose of compromising disputed claims without the necessity for protracted litigation.

E. The Commission and Defendant stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites. The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

IT IS ORDERED that:

1. This Consent Decree is entered in full and complete compromise of any and all claims arising out of or asserted in Civil Action No. G-04-090 and the above-referenced Charge on behalf of Alvarado.

2. Defendant and all of its employees and/or agents associated with it agree they will not engage in any employment practices which discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's disability and will not retaliate against any individual who has opposed any practice made an unlawful employment practice under the ADA or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the ADA.

3. Denco will provide, using either an attorney or an independent experienced training person or group, two training programs on employment discrimination, including the law relating to the ADA and disability discrimination to all management and assistant management level employees, The first such training program shall be completed not later than February 28, 2005, and the second training program shall be completed not later than November 15, 2005. Defendant shall submit to the EEOC for each training program,

at least thirty days in advance of the program, the name of the program provider and a curriculum outline indicating the information to be addressed during the program and copies of all agendas and materials to be distributed at the training seminar. The person who shall administer the training will be either attorney(s) or person(s) possessing at least five years of experience in labor and employment law. Written acknowledgment of receipt of the training shall be obtained by Defendant from all individuals attending the training and retained among the employment records of Denco and also copies shall be forwarded to the EEOC.

4. The training provided for by this Consent Decree will ensure that the following are topics are reviewed:

    a. <u>Disability Discrimination Policy</u>:

        i. Provide clear definitions and examples of prohibited disability discrimination and retaliation;

        ii. Provide for substantial discipline for incidents of disability discrimination and/or retaliation;

        iii. Provide for the acceptance of disability discrimination and/or retaliation complaints, whether in writing or orally, by any current or former employees or applicants for employment;

        iv. Provide for a full and effective investigation of all complaints as well as appropriate remedies for handling complaints, up to and including termination; and

        v. Indicate that, promptly upon the conclusion of its investigation of a complaint, Denco will communicate to the complaining party the

results of the investigation determination.

b.  Paragraphs 12-27 of the EEOC's Guidance entitled "How to Comply with the Americans with Disabilities Act: A Guide for Restaurants and Other Food Service Employers" which address the ADA's Rules About Applying for a Job and Reasonable Accommodation will be also be reviewed.

5.  Defendant agrees that within ten days after entry of this Decree it will conspicuously post the attached notice (Exhibit "A") in an area accessible to all employees for a period of one year from the date the Decree is signed.

6.  Defendant agrees that the EEOC, at its option, and upon 48 hours notice, may send a representative of the EEOC to conduct an annual monitoring inspection on Defendant's premises. The EEOC representative during this inspection can speak with any of Defendant's employees, in groups or individually, and can contact any employee not present at work on the day of the inspection.

7.  Defendant agrees to pay a confidential settlement sum further described in a separate document in full and final settlement of the EEOC's lawsuit to provide monetary relief to Rena Alvarado. A certified check in the amount of the settlement sum shall be mailed by December 5, 2004 to Rena Alvarado. A copy of the check disbursed to Alvarado shall be mailed to the EEOC's undersigned counsel of record.

8.  The parties agree that this monetary award represents a reasonable settlement of the Commission's claim of compensatory damages under the ADA and is not tied to any claim for back or future wages. They are therefore mutually understood to be payments on account of personal injury for pain and suffering. No amounts will be withheld for taxation purposes against the monetary award. Defendant agrees to issue Internal

Revenue Service ("IRS") Form 1099 or an equivalent form to Alvarado who will have the sole responsibility for paying any federal, state or local taxes, including federal income tax that may be due on the aforementioned monetary award.

9. If Denco rejects an applicant because of the applicant's disability, Denco will document the applicant's disability, and any potential reasonable accommodations that could overcome the limitations, which proved to be unreasonable. Such information will be retained in its records and will also be available to the EEOC on its monitoring inspections during the term of this Decree.

10. Each party to this action shall bear its own costs and attorney's fees.

11. This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest, and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

12. This Decree shall remain in effect for one year from the date of signing. During the period that this Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The EEOC will send written notice to Defendant of any alleged breach and provide Defendant ten days for the opportunity to investigate and cure such breach. Upon Defendant's failure to cure any alleged breach, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein.

13. Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which the

Commission enforces in the future for any alleged violations by Defendant not resolved by this Decree.

14. Each signatory certifies that he/she is authorized to execute this document on behalf of the party or parties whom he/she represents.

Signed this 2nd day of Dec., 2004 at Galveston, Texas.

Samuel B. Kent
United State District Judge

AGREED AND CONSENTED TO:

ATTORNEY FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Kathy D. Boutchee
TBN: 02717500
SDN: 10145
Equal Employment Opportunity
    Commission
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002-8049
(713) 209-3399
fax (713) 209-3402

ATTORNEY FOR DEFENDANT
DENCO OF TEXS, INC.

By: _____
Frederick T. Johnson
TBN: 00785429
SDN:15420
Dobrowski, L.L.P.
1010 Lamar, Suite 1350
Houston, Texas 77002
(713) 659-2900
fax (713) 659-2908



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Houston District Office**

Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, TX 77002-8049
(713) 209-3320
TTY (713) 209-3439
FAX (713) 209-3381

# NOTICE TO THE EMPLOYEES OF DENCO OF TEXAS, INC.

THIS NOTICE IS POSTED PURSUANT TO AN AGREEMENT BETWEEN THE EEOC AND DENCO OF TEXAS, INC. REGARDING DISABILITY DISCRIMINATION IN THE WORK PLACE PURSUANT TO TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990.

1.      Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's sex, race, color, religion, national origin, age or disability with respect to compensation, hiring or other terms, conditions or privileges of employment.

2.      DENCO OF TEXAS, INC. supports and will comply with such Federal law in all respects and will not take any action against any applicants or employees because they have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission (EEOC), providing information to the EEOC, and/or receiving compensation for the settlement of any disability discrimination claim.

3.      DENCO OF TEXAS, INC. prohibits disability discrimination and will not engage in the practice of altering the terms and conditions of employment on the basis of disability.

4.      Disability discrimination is expressly prohibited and constitutes an unlawful discriminatory employment practice. Such discriminatory employment practices will not be tolerated at DENCO OF TEXAS, INC.

5.      Any employee who feels they have been the target of such discrimination is advised to report this action promptly to Jesus Hernandez, Denco of Texas, Inc., 15051 Leffingwell Road, #201, Whittier, CA 90604, (562) 777-2249, fax (562) 777-2250.

SIGNED this _____ day of _____, 2004.

                                        _____
                                        Ray Marwah
                                        President
                                        DENCO OF TEXAS, INC.

This OFFICIAL NOTICE shall remain posted for one full year from date of signing.

"EXHIBIT A"